Robert J. Cassity
Nevada Bar No. 9779
Erica C. Medley
Nevada Bar No. 13959
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bcassity@hollandhart.com
ecmedley@hollandhart.com

David A. Perez
(admitted *Pro Hac Vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.6767
Fax: 206.359.7767
dperez@perkinscoie.com

Matthew J. Mertens
(admitted *Pro Hac Vice*)
**PERKINS COIE LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2199
Fax 503.346.2199
mmertens@perkinscoie.com

*Attorneys for Defendants*
*Jeff Moss and DEF CON Communications, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER J. HADNAGY, an individual; and SOCIAL-ENGINEER, LLC, a Pennsylvania limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF MOSS, an individual; DEF CON COMMUNICATIONS, INC., a Washington corporation; and DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01345-CDS-BNW<br><br>**DEFENDANTS' MOTION TO TRANSFER**<br><br>**ORAL ARGUMENT REQUESTED** |

1

Defendants, JEFF MOSS, an individual ("Mr. Moss") and DEF CON Communications, Inc., a Washington corporation ("Def Con") (collectively referred to herein as the "Defendants"), by and through their counsel of record, Holland & Hart, LLP and Perkins Coie LLP, and pursuant to 28 U.SC. §§ 1404, 1406, and 1631, hereby move the Court to transfer this action to the U.S. District Court for the Western District of Washington, an indisputably proper venue, for the purpose of convenience and in the interest of justice.

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Jeff Moss (attached as **Exhibit A**), the papers and pleadings on file in this action, and any oral argument the Court may allow.

DATED this 16th day of October 2023.

**HOLLAND & HART LLP**

*/s/ Robert J. Cassity*
Robert J. Cassity
Erica C. Medley
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

David A. Perez
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099

Matthew J. Mertens
**PERKINS COIE LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128

*Attorneys for Defendants*
*Jeff Moss and DEF CON Communications, Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................6

II. BACKGROUND ....................................................................................................7

III. LEGAL STANDARD .............................................................................................8

IV. THIS CASE SHOULD BE TRANSFERRED TO WASHINGTON....................9

   A. The case could have been brought in the Western District of Washington. ..10

   B. The relevant factors weigh strongly in favor of transfer. ...............................11

      1. Plaintiffs' choice of forum should be given little weight. ...........................11

      2. The convenience of the parties, the convenience of witnesses, and the location of evidence all weigh in favor of transfer...........................................12

      3. The parties' contacts with the forum are minimal. .......................................13

      4. The court's familiarity with the law supports transfer. ................................15

      5. The cost of litigation favors transfer. ............................................................16

V. CONCLUSION .....................................................................................................17

# TABLE OF AUTHORITIES

**CASES**

*Am. Heavy Moving & Rigging, Inc. v. Sheedy Drayage Co.*,
    2009 WL 10693611 (D. Nev. May 4, 2009) .............................................................. 12

*Ascend GEO, LLC v. OYO Geospace Corp.*,
    2009 WL 10692475 (D. Nev. Aug. 28, 2009) ........................................................... 11

*Cambridge Filter Corp. v. Int'l Filter Co.*,
    548 F. Supp. 1308 (D. Nev. 1982) ............................................................... 12, 13, 16

*Cavern City Tours Ltd v. Hard Rock Café Int'l (USA), Inc.*,
    2012 WL 12898616 (D. Nev. Sept. 12, 2012) ........................................................... 16

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................................................. 10

*Daisley v. Blizzard Music Ltd. (US)*,
    2017 WL 706605 (D. Nev. Feb. 22, 2017) ................................................................ 10

*Erwin v. Cotter Health Ctrs.*,
    167 P.3d 1112 (Wash. 2007) .................................................................................... 16

*GNLV, Corp. v. Se. Amusement, Inc.*,
    2015 WL 13678048 (D. Nev. Mar. 27, 2015) ...................................................... 12, 13

*Hadnagy v. Moss*,
    2023 WL 114689 (E.D. Pa. Jan. 5, 2023) ................................................................... 6

*Hadnagy v. Moss*,
    No. 2:22-cv-03060-WB ............................................................................................... 6

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ................................................................................... 8, 9

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979) ................................................................................................. 12

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) .................................................................................. 11

*Malcolm v. Acrylic Tank Mfg., Inc.*,
    2019 WL 1923633 (D. Nev. Apr. 30, 2019) ................................................................ 9

4

*Mendoza v. In-N-Out Burgers*,
  2020 WL 10442992 (D. Nev. Nov. 23, 2020) ...................................................... 17

*Miracle Blade, LLC. v. Ebrands Com. Grp., LLC*,
  207 F. Supp. 2d 1136 (D. Nev. 2002) ................................................................. 12

*Patton v. Cox*,
  276 F.3d 493 (9th Cir. 2002) ............................................................................... 15

*Ravin Crossbows, LLC v. Hunter's Mfg. Co., Inc.*,
  2023 WL 2572288 (D. Nev. Mar. 17, 2023) ........................................................ 11

*Rice v. Dow Chem. Co.*,
  875 P.2d 1213 (Wash. 1994) ............................................................................... 16

*Robert Bosch LLC v. Corea Autoparts Producing Corp.*,
  2011 WL 4074566 (D. Nev. Sept. 13, 2011)........................................................ 11

*Sierra Nev. Holdings, Inc. v. United Leasing Corp.*,
  2010 WL 2836618 (D. Nev. July 16, 2010)......................................................... 15

*Tonkawa Tribe of Indians of Oklahoma v. Sci. Games Corp.*,
  2021 WL 3847802 (D. Nev. Aug. 27, 2021) ....................................................... 12

*Wealthy, Inc. v. Cornelia*,
  2023 WL 4803776 (D. Nev. July 27, 2023).......................................................... 14

*Young v. Wells Fargo & Co.*,
  2008 WL 5245894 (N.D. Cal. 2008) ................................................................... 11

**STATUTES**

28 U.S.C. § 1332............................................................................................................10
28 U.S.C. § 1391.......................................................................................................8, 10
28 U.S.C. § 1404..........................................................................................................2, 8
28 U.S.C. § 1406..........................................................................................................2, 9
28 U.S.C. § 1631..........................................................................................................2, 9

**RULES**

Federal Rules of Civil Procedure
  Rule 12.................................................................................................................... 6

5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants recently filed a motion to dismiss Plaintiffs Christopher Hadnagy and Social-Engineer LLC's (collectively, "Mr. Hadnagy") Complaint. ECF No. 13. Rather than rule on that motion, the Court may instead consider this motion to transfer the action to the Western District of Washington, and defer a ruling on the Rule 12 arguments for that court.[1] Transfer is warranted for several reasons:

*First,* as a jurisdictional matter, venue is proper in the Western District of Washington. Defendants are residents of Washington, the conduct complained of did not occur in Nevada, and the Court lacks general and personal jurisdiction over Defendants. *See* ECF No. 13, at pp. 5–8. There is no question that the Western District of Washington would have jurisdiction over Defendants and this case.

*Second*, while a plaintiff's choice of forum is typically given deference, it is not entitled to deference here. In the Ninth Circuit, little deference is given to a plaintiff's choice of forum when (1) the case has been removed from state court, *or* (2) the district court is not the plaintiff's "home forum." Both are applicable. Defendants removed this action from state court, rendering Mr. Hadnagy's choice of forum effectively moot, and Nevada is not Mr. Hadnagy's "home forum," Pennsylvania is.[2]

*Third,* venue in Nevada inconveniences the parties, the witnesses, and access to proof. **No party in this action is located in Nevada**, and it is likely that most—if not all—witnesses are located outside of Nevada. Moreover, all of Defendants' relevant and discoverable evidence is in Washington, where Defendants reside. By

---

[1] Defendants asked Mr. Hadnagy to stipulate to *combining* the motion to transfer with motion to dismiss—for the Court's convenience and to reduce the number of briefs. Mr. Hadnagy refused, forcing Defendants to file two separate motions.

[2] Mr. Hadnagy has already tried to bring this action previously in his "home forum" of the Eastern District of Pennsylvania. *See Hadnagy v. Moss*, No. 2:22-cv-03060-WB, ECF No. 1. However, similar to what should be the outcome here, that action was dismissed for lack of personal jurisdiction over Defendants. *Hadnagy v. Moss*, 2023 WL 114689, at *8 (E.D. Pa. Jan. 5, 2023).

contrast, little or no material documents or witnesses are in the District of Nevada, a venue with no particular local interest in this dispute.

*Fourth*, the parties' contacts with the forum are relatively limited and do not relate to the claims at issue. Mr. Hadnagy alleges Defendants posted statements on Def Con's website that harmed him. Mr. Hadnagy does not allege that Defendants made these statements *in Nevada*. That the website is accessible globally (and thus accessible within the forum) does not render Defendants' statements a "contact" with the forum.

*Fifth*, because Mr. Hadnagy alleges only common-law tort claims, as opposed to complex claims, a Washington court can easily adjudicate these claims, such that familiarity with the law does not weigh against transfer.

Accordingly, Defendants respectfully request that the Court transfer this action to the Western District of Washington.

## II. BACKGROUND

Plaintiff Chris Hadnagy is a resident of Florida and the founder of Social-Engineer, a limited liability company organized under the laws of Pennsylvania. Compl. ¶¶ 14–15. Mr. Hadnagy's only connection to Nevada is that he "provides services to business entities in Nevada and nationwide." *Id.* ¶ 43.

Defendant Jeff Moss is a resident of Washington and the founder of Def Con, a corporation organized under the laws of Washington. *Id.* ¶¶ 16–17. Each year, Def Con organizes a hacker conference in Las Vegas, Nevada (the "Event"). *Id.* ¶¶ 2, 3.

Following the Event in 2021, Def Con received reports from third parties that Mr. Hadnagy had engaged in harassing behavior that violated Def Con's Code of Conduct. *Id.* ¶ 53. After speaking with the third parties and Mr. Hadnagy, Def Con informed Mr. Hadnagy that he could no longer attend or participate in future Events. *Id.* ¶¶ 58–59. On February 9, 2022, Def Con published an updated Transparency Report on its website, indicating that Mr. Hadnagy would be banned from future Events (the "Ban Announcement"). *Id.* ¶ 58. Def Con later posted an update on its

7

website (the "Transparency Report Update") in January 2023, following the Eastern District of Pennsylvania's dismissal of Mr. Hadnagy's lawsuit. *Id.* ¶ 80.

The Ban Announcement and the Transparency Report Update—both which were posted on Def Con's website ***after*** the Event and thus not within Nevada— form the basis of Mr. Hadnagy's claims against Defendants. *See generally id.*

### III. LEGAL STANDARD

Venue is appropriate in (1) a judicial district in which any defendant resides if all defendants reside in the same state; (2) the judicial district in which the events giving rise to litigation occurred; or (3) if neither of the above applies, any district where the defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The district court has broad "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (cleaned up). Examples of the types of factors that may be considered include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

Transfer is appropriate under Section 1404(a) if the transferor court is a proper venue. *See* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3842, 3844 (4th ed. 2023 update). "Most courts conclude that a district court that has subject matter jurisdiction and that is a proper venue may transfer

8

under Section 1404(a) even though it lacks personal jurisdiction over the defendant." *Id.* § 3844 & n.15 (collecting cases). Indeed, "[c]ourts generally can transfer under Section 1404(a) before addressing the question of whether they have personal jurisdiction over the defendant, and, because assessing personal jurisdiction can be a difficult undertaking, with a risk of error and possible reversal on a later appeal, the transfer of a case to a district in which personal jurisdiction is clear can save resources for the court and parties." *Id.* § 3842 (footnote omitted) (collecting cases). Accordingly, the Court can and should transfer this case pursuant to Section 1404(a) regardless of whether it has personal jurisdiction over Defendants.

To be sure, some courts decline to apply Section 1404(a) where personal jurisdiction is lacking because, they reason, venue does not properly lie in that circumstance. *See id.* §§ 3842, 3844. But courts adopting that minority view have other statutory options for transferring the case to a proper venue: 28 U.S.C. § 1406(a) (allowing transfer, in the interest of justice, from improper to proper venue) and 28 U.S.C. § 1631 (allowing transfer, in the interest of justice, from court lacking jurisdiction over the action). *See* 15 Wright & Miller, Federal Practice and Procedure §§ 3842, 3844. If transfer is proper under Section 1404(a), it is proper under Sections 1406(a) and 1631 as well. *See id.* § 3842. Accordingly, the Court may transfer this action to the Western District of Washington under Sections 1404(a), 1406(a), or 1631 for the reasons explained below.

### IV. THIS CASE SHOULD BE TRANSFERRED TO WASHINGTON

"The transfer of venue analysis is twofold. The court must first determine whether the case could have been brought in the forum to which the transfer is sought. If so, the court continues to make an 'individualized, case-by-case consideration of convenience and fairness.'" *Malcolm v. Acrylic Tank Mfg., Inc.*, No. 2:17-cv-1108-JCM-PAL, 2019 WL 1923633, at *3 (D. Nev. Apr. 30, 2019) (citations omitted).

9

### A. The case could have been brought in the Western District of Washington.

To support a motion to transfer under § 1404(a), the moving party must show (1) the proposed transferee court possesses subject matter jurisdiction over the action, (2) the parties would be subject to personal jurisdiction in the transferee court, and (3) venue would have been proper in the transferee court. *See id.* (holding a civil action can be brought in "any court that has subject matter jurisdiction, personal jurisdiction, and proper venue"); *Daisley v. Blizzard Music Ltd. (US)*, No. 3:16-cv-00519-HDM-WGC, 2017 WL 706605, at *1 (D. Nev. Feb. 22, 2017) (listing criteria). The Western District of Washington satisfies all three criteria.

***Subject matter jurisdiction.*** The Western District of Washington has subject matter jurisdiction over this action for the same reason this Court does: the parties are citizens of different states (Florida/Pennsylvania versus Washington) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

***Personal jurisdiction.*** Unlike the Court here, the Western District of Washington undoubtedly has personal jurisdiction over Mr. Moss and Def Con because both Defendants are citizens of Washington. As Mr. Hadnagy concedes, Mr. Moss is domiciled in Washington, and Def Con is incorporated and has its principal place of business in Washington. Compl. ¶¶ 16–17. They are thus "at home" in Washington and subject to general personal jurisdiction there. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Nevada, on the other hand, lacks personal jurisdiction over Defendants for the reasons explained in Defendants' pending motion to dismiss. *See* ECF No. 13, at pp. 5–8.

***Venue.*** Venue is clearly proper in the Western District of Washington, which encompasses the greater Seattle area, because both Defendants reside there. *See* 28 U.S.C. § 1391(b)(1). Def Con is headquartered in Edmonds, Washington, a suburb of Seattle located in Snohomish County, and Mr. Moss is a resident of the Seattle

Metropolitan Area in King County. *See* Compl. ¶¶ 16–17. Both counties fall within the jurisdiction of the Western District of Washington.

### B. The relevant factors weigh strongly in favor of transfer.

The factors typically considered by courts in determining whether to transfer venue (listed above in Part III) weigh heavily in favor of transferring this action to the Western District of Washington.

#### 1. Plaintiffs' choice of forum should be given little weight.

While the plaintiff's choice of forum is a factor in the transfer analysis, it is given less weight where, as here, "plaintiff filed suit in a state court and the case is in federal court only because the defendant removed it." 15 Wright & Miller, Federal Practice and Procedure § 3848 (collecting cases). A case that has been removed from state to federal court is no longer in plaintiff's chosen forum, so the plaintiff's "choice" receives less deference. *See id.*

A plaintiff's preference is also given less weight where, as here, "the plaintiff elects to pursue a case outside its home forum." *Ravin Crossbows, LLC v. Hunter's Mfg. Co., Inc.*, No. 2:21-cv-02213-GMN-EJY, 2023 WL 2572288, at *3 (D. Nev. Mar. 17, 2023); *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, No. 2:10-cv-01924-RLH-RJ, 2011 WL 4074566 (D. Nev. Sept. 13, 2011) ("[Plaintiff] does not even contend that it is a Nevada resident and therefore its choice of forum is not an overly important consideration."); *Ascend GEO, LLC v. OYO Geospace Corp.*, No. 2:09-cv-01172-KJD-PAL, 2009 WL 10692475, at *3 (D. Nev. Aug. 28, 2009) ("[G]iven that Plaintiff is a resident of Colorado rather than Nevada, Plaintiff's choice of forum will be given less deference."); *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) ("[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. . ."); *Young v. Wells Fargo & Co.*, 2008 WL 5245894 (N.D. Cal. 2008) ("Where a plaintiff does not reside in the forum, the Court may afford his choice considerably less weight.").

11

Nevada is not Mr. Hadnagy's "home forum," and therefore his choice of forum should be given less deference.

### 2. The convenience of the parties, the convenience of witnesses, and the location of evidence all weigh in favor of transfer.

"[T]he purpose of statutorily specified venue is to protect the *defendant* [from] . . . an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979). But transfer is not appropriate when it would "merely shift the inconvenience from one party to another." *GNLV, Corp. v. Se. Amusement, Inc.*, No. 2:14-cv-00048-GMN-PAL, 2015 WL 13678048, at *3 (D. Nev. Mar. 27, 2015). That is simply not a concern here. No party—neither Mr. Hadnagy nor Defendants—is based in Nevada, so transfer to Washington would not shift any burden. **It is inconvenient for all parties to litigate this action in the District of Nevada**.[3]

This factor thus weighs in favor of transfer. *See, e.g.*, *Miracle Blade, LLC. v. Ebrands Com. Grp., LLC*, 207 F. Supp. 2d 1136, 1157 (D. Nev. 2002) (granting motion to transfer where "none of the parties are located in Nevada" and "the parties had to retain local counsel to practice before this court"); *Am. Heavy Moving & Rigging, Inc. v. Sheedy Drayage Co.*, No. 2:08-cv-1466-KJD-RJJ, 2009 WL 10693611, at *2 (D. Nev. May 4, 2009) ("It seems clear, however, that the combined convenience of both parties is increased with a transfer . . . . considering that neither party has a substantial presence in the District of Nevada, the convenience again falls in favor of transfer to a district where one of the parties resides.").

Litigating in Nevada is no more convenient for witnesses. Courts in the Ninth Circuit have noted that this factor weighs heavily in the transfer analysis. *See Cambridge Filter Corp. v. Int'l Filter Co.*, 548 F. Supp. 1308, 1311 (D. Nev. 1982) ("A primary concern is the convenience of witnesses."); *see also Tonkawa Tribe of Indians*

---

[3] Given Mr. Hadnagy is an out-of-state plaintiff, any claims by Mr. Hadnagy that litigating in Washington would be more inconvenient than litigating in Nevada are implausible.

12

1  *of Oklahoma v. Sci. Games Corp.*, No. 2:20-cv-01637-GMN-BNW, 2021 WL 3847802,
2  at *6 (D. Nev. Aug. 27, 2021) ("Convenience of witnesses is often the most important
3  factor in determining whether or not to transfer a given case."); *GNLV, Corp. v. Se.*
4  *Amusement, Inc.*, No. 2:14-cv-00048-GMN-PAL, 2015 WL 13678048, at *3 (D. Nev.
5  Mar. 27, 2015) (same). While it is still early in the case to identify witnesses,
6  Defendants anticipate that most witnesses will be located in Washington—where
7  Defendants reside—or elsewhere in the country **other than Nevada**. *See*
8  *Cambridge Filter Corp.*, 548 F. Supp. at 1311 (transferring case when "[t]here are no
9  witnesses who live in Nevada"). That is understandable, given both Defendants and
10 Plaintiffs are not based in Nevada and the Event only operates in Las Vegas for four
11 days out of the 365-day calendar year, with attendees flying in from other States to
12 attend.
13 Moreover, Defendants' documents are located in Washington. *See* **Exhibit A**,
14 Declaration of Jeff Moss ("Moss Decl.") ¶ 8. Mr. Moss's residence and Def Con's
15 principal place of business are in Washington, and any documents or evidence that
16 would refute Mr. Hadnagy's claims are in Washington, not Nevada. *See id.* ¶¶ 2, 5–
17 8; *see also* Compl. ¶¶ 16–17.
18 Accordingly, these factors weigh heavily in favor of transferring to the
19 Western District of Washington.
20         **3.**    **The parties' contacts with the forum are minimal.**
21 As set forth more fully in Defendants' pending motion to dismiss, *see* ECF No.
22 13, the Court lacks general and specific personal jurisdiction over Defendants. That
23 is because, aside from the annual ***four-day*** Event held by Def Con in Las Vegas,
24 Defendants have very limited "contact" with the forum. For instance, Mr. Moss does
25 not and has never resided in Nevada, owns no property in Nevada, and maintains
26 his permanent residence in Washington. Moss Decl. ¶¶ 2–3. Apart from short trips
27 to Las Vegas, Mr. Moss does not have any substantial contact with the forum. *Id.*
28 The same goes for Def Con. Def Con does not maintain offices in Nevada or employ

13

any person in Nevada, instead maintaining its principal place of business in Washington. *Id.* ¶¶ 4–7. Out of Def Con's nine employees, seven of them live in Washington and the other two do not live in Nevada. *Id.* ¶ 7. While it hosts an annual four-day conference each year in Las Vegas, Def Con does not have any contact with the forum during the remaining **361 days** of the year. *See id.* ¶¶ 9–13. For those remaining 361 days of the year, Def Con hosts conferences in other parts of the world (such as, Beijing, China) and maintains a website—which is the subject of the parties' dispute—that provides security-related training. *Id.* ¶ 4. That website (1) does not target Nevada residents; (2) does not maintain mailing lists of past or prospective attendees of the Event; (3) does not send emails to Nevada residents to solicit attendance at the Event; and (4) does not monitor web traffic to advertise the Event to Nevada residents. *Id.* ¶¶ 9–13.

Mr. Hadnagy's contacts with Nevada are also limited, in addition to being extremely vague. Although Mr. Hadnagy claims to "regularly provide services to business entities in Nevada," Mr. Hadnagy fails to identify any specific Nevada-based business entity, while simultaneously acknowledging that his services are "nationwide." Compl. ¶ 43. Mr. Hadnagy's only other contact with the forum appears to be his short trip to Las Vegas to attend the annual Black Hat conference. *Id.* ¶ 75.

What's more, the crux of Mr. Hadnagy's claims is unrelated to the parties' contacts with the forum. Specifically, Mr. Hadnagy's claims are based on Defendants' so-called "false and defamatory" statements published on Def Con's website. *See id.* ¶¶ 58, 80. Critically, Mr. Hadnagy does not allege that these statements were made by Defendants while they were in Nevada or while at the Event. Nor could he because these statements were made ***after*** the Event (and after Defendants were no longer in Nevada). That Def Con's website is accessible to everyone everywhere does not render these statements as "expressly aimed" at the forum to constitute contact with the forum. *See Wealthy, Inc. v. Cornelia*, No. 2:21-cv-1173-JCM-EJY, 2023 WL 4803776, at \*3 (D. Nev. July 27, 2023); *see also* ECF No. 13, at pp. 5–8.

14

Given Defendants' and Plaintiffs' minimal contacts with Nevada, Nevada's interest in adjudicating this action is relatively low in comparison to Washington. Nevada has little interest in regulating the conduct of out-of-state companies and out-of-state individuals, whereas, in comparison, Washington has more of an interest in adjudicating disputes involving its residents and companies. *See, e.g.*, *Sierra Nev. Holdings, Inc. v. United Leasing Corp.*, No. 3:10-cv-00047-RCJ, 2010 WL 2836618, at *2 (D. Nev. July 16, 2010) (holding Nevada has "very little interest in this dispute" where both plaintiffs and defendants are not residents of Nevada).

Accordingly, this factor weighs in favor of transferring to the Western District of Washington.

### 4. The court's familiarity with the law supports transfer.

The familiarity factor "is given significantly less weight . . . when the case involves basic or well-established, as opposed to complex or unsettled, issues of state law or when there is no reason to believe that the applicable law of the forum differs markedly from the law of the proposed transferee state." 15 Wright & Miller, Federal Practice and Procedure § 3854. Since Mr. Hadnagy pleads only basic common-law tort claims, this factor should be given little weight.

If the Court considers this factor, however, it weighs in favor of transfer because at least some, and perhaps all, of Mr. Hadnagy's claims will likely be governed by Washington law:

- Where, as here, the transferor court lacks personal jurisdiction over the defendants, the transferee court applies its own law. *See* 15 Wright & Miller, Federal Practice and Procedure §§ 3842, 3846. Accordingly, the Western District of Washington would apply its own law after the case is transferred.

- A federal court sitting in diversity applies the forum state's choice-of-law rules. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). The Western District of Washington would therefore apply Washington's choice-of-law rules.

15

- Under Washington's choice-of-law rules, Washington law applies unless there is an actual conflict of law. *See Erwin v. Cotter Health Ctrs.*, 167 P.3d 1112, 1120 (Wash. 2007).

- If an actual conflict exists, the court determines the controlling law under the "most significant relationship" test. *Id.* at 1120–21. Washington courts follow Restatement § 145 for tort claims. *See Rice v. Dow Chem. Co.*, 875 P.2d 1213, 1217 (Wash. 1994).

- Mr. Hadnagy's claims consist of tort claims. Washington law would very likely govern those claims because the alleged tortious conduct occurred in Washington—statements published online with only an incidental connection to Nevada and no allegation that the allegedly tortious conduct occurred within Nevada—and two of the four parties are domiciled in Washington. *See* Restatement § 145.

Accordingly, judicial familiarity with the governing law favors transfer to the Western District of Washington.

### 5. The cost of litigation favors transfer.

This factor also weighs in favor of transferring to the Western District of Washington or, at the very least, is neutral. Mr. Hadnagy and Social-Engineer are not at "home" in Nevada, "so litigation expenses are not likely to be significantly different in either [Washington] or Nevada" for them. *See Cavern City Tours Ltd v. Hard Rock Café Int'l (USA), Inc.*, No. 2:11-cv-01901-KJD-RJJ, 2012 WL 12898616, at *2 (D. Nev. Sept. 12, 2012) (holding factor weighed in favor of transferring where non-resident plaintiff will incur similar costs in either venue). On the other hand, Defendants will incur additional litigation expenses if forced to litigate this case in Nevada, based on the costs of travel, obtaining local counsel, and other expenses. *See, e.g., id.*; Moss Decl. ¶ 14. Moreover, as previously noted, the Court's "primary concern is the convenience of witnesses." *Cambridge Filter Corp.*, 548 F. Supp. at 1311. While Defendants' initial fact-gathering is ongoing, Defendants are unaware of any

witnesses in Nevada—and as already mentioned, Mr. Hadnagy is not a citizen of Nevada. The District of Nevada accordingly would be inconvenient and costly for witnesses to travel to. *See Mendoza v. In-N-Out Burgers*, No. 2:20-cv-01406-JAD-NJK, 2020 WL 10442992, at *3 (D. Nev. Nov. 23, 2020) (holding "litigation costs militate in favor of transfer given . . . the location of most witnesses" outside Nevada). Therefore, transferring the action to the Western District of Washington would reduce the costs of litigation because it is near most of the witnesses (and Defendants).

* * *

On balance, the relevant factors weigh in favor of transferring this action to a Washington venue.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court transfer this action to the Western District of Washington.

DATED this 16th day of October 2023.

**HOLLAND & HART LLP**

*/s/ Robert J. Cassity*
Robert J. Cassity
Erica C. Medley
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

David A. Perez
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

Matthew J. Mertens
**PERKINS COIE LLP**
1120 N.W. Couch Street 10th Floor
Portland, OR 97209-4128

*Attorneys for Defendants
Jeff Moss and DEF CON Communications, Inc.*

17

**INDEX OF EXHIBITS**

| Exhibit | Description | Page Numbers |
|---------|-------------|--------------|
| A | Declaration of Jeff Moss in Support of Defendants' Motion to Transfer | 001-004 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2023, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO TRANSFER** was served by the following method(s):

☒ <u>Electronic</u>: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Kristofer Z. Riklis, Esq.
**RIKLIS LAW, PLLC**
871 Coronado Center Dr., Suite 200
Henderson, NV 89052
Email: Kristofer@riklislaw.com

*Attorneys for Plaintiffs*
*Christopher J. Hadnagy*
*and Social-Engineer, LLC*

*/s/ Kristina R. Cole*
An Employee of Holland & Hart LLP

30717818_v1